Security State Fire Insurance Company *v.* Kelly.

4-8900                                             221 S. W. 2d 39

Opinion delivered June 6, 1949.

Rehearing denied July 4, 1949.

*Ward Martin,* for appellant.

*Sidney J. Reid* and *Jay W. Dickey,* for appellee.

Minor W. Millwee, Justice. Appellant is a farmers mutual fire insurance company organized under Ark. Stats. (1947), § 66-1501. On March 19, 1947, the company issued its policy to appellee, Mrs. L. E. Kelley, insuring her rural home and household furnishings against loss by fire and windstorm in the total sum of $1,500. The insurance was for a period of three years at a stipulated single premium of $65.63.

Appellee suffered a total loss of the property by fire on March 7, 1948. Her demand for payment was refused and this suit followed. Appellant denied liability on the ground that a note given by appellee in part payment of the premium was past due and unpaid at the time of the loss; and that under the terms of the note, policy and by-laws of appellant the policy had, therefore, lapsed and been duly cancelled prior to the fire. This appeal follows a verdict and judgment for appellee in the sum of $1,500.

The sole contention for reversal is that the trial court erred in refusing appellant's request for a directed

verdict because the policy was not in force at the time of the fire. Appellant says it is undisputed that a second note given for the premium was past due and unpaid at the time of the loss.

When appellee made written application for insurance on March 19, 1947, she executed two notes for the premium of $65.63. The first note for $26.25 became due and was promptly paid on or about April 1, 1947. The second note was for $39.38 which represented the balance of the premium. The due date of this note is a sharply disputed question of fact. A copy of the note was introduced in evidence and the original exhibited to the jury. The space in the body of the note providing for time of payment was left blank. In the lower left hand corner of the note opposite and below appellee's signature appears the notation "Due 10-1-47."

Appellee testified that this due date was not on the note when she signed it; that the agent who took her application and to whom she paid the first note stated that the second note would be due in twelve months and that the $26.25 payment represented the amount due for the first year; that she received no notice of delinquency, request for payment or notice of cancellation of the policy prior to the date of the fire; that the agent stopped by her place one time during the Christmas holiday season in 1947, but made no demand for payment or suggestion that the note was due.

Appellee's testimony was contradicted by that of the agent and officers of the company. The agent stated that he wrote the date "10-1-47" when the note was signed, that after the note was due he talked with appellee several times and at his suggestion the company extended the time of payment to January 1, 1948. On cross-examination he stated that he informed appellee at the time the note was executed that $26.25 would be the amount of a premium on a one year contract, but that this amount also represented the down payment on the three year contract which she chose; that he also advised her that she could save six months premium under the three year contract if she "fulfilled her obli-

gation" when the note became due. He testified: "I told her very clearly that the payment should be made on a certain date. Also, I left an envelope and told her if she didn't fulfill her obligation I would make a special trip to her home and change the policy to one year contract so the amount she had paid would take care of her for one year." He later stated that this was not done because appellee did not notify him that she desired to change the policy.

Several dates were stamped or written on the face of the note, the first being September 12, 1947, and the last, January 15, 1948. The office manager of the company stated that on these dates letters or notices were mailed to appellee calling her attention to the fact that the note would be due on a certain date or was past due. He stated that the notation "January 15, 1948" advised her that the note was past due and that the policy had become inoperative and suspended. No copies of such letters or notices were introduced by appellant, but blank forms ordinarily used in such cases were introduced. Appellee denied receiving any communication from the company.

The secretary of the company testified that under company regulations the premium on a three year policy must be paid within the first six months of the life of the policy and that a policy could not be issued on an application providing a longer time of payment. However, the note in question was not payable until six months and 11 days after issuance of the policy if appellant's contention as to the due date is accepted. The evidence does not disclose whether an endorsement appearing on the application showing the due date of the note to be 10-1-47 was placed there before or after appellee signed the application. Both the note and the policy contained the usual provision that the insurance should cease if the note became delinquent.

Appellant cites several cases in which we have upheld the provision of a premium note that the policy should forfeit upon non-payment of the note when due. Some of these cases are Patterson v. Equitable Life Assurance

Society, 112 Ark. 171, 165 S. W. 454; Home Life & Accident Company v. Haskins, 156 Ark. 77, 245 S. W. 181; and Home Life & Accident Co. v. Scheuer, 162 Ark. 600, 258 S. W. 648. The trial court recognized this principle in his instructions to the jury. In appellant's requested instruction No. 4 the jury was told to return a verdict for appellant if the note was past due and unpaid at the time of the loss.

When the evidence is considered in the light most favorable to appellee, we conclude that it was sufficient to warrant the jury's finding that the note in question was not delinquent at the time of the fire. It follows that the trial court did not err in refusing to direct a verdict for appellant.

Affirmed.